**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIANO TORRES-TORRES, | No. 09-73799 |
| Petitioner, | Agency No. A034-681-752 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2014
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and HELLERSTEIN, Senior District Judge.[**]

Petitioner Luciano Torres-Torres (Torres), a native and citizen of Mexico and lawful permanent resident, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

finding him removable under 8 U.S.C. § 1227(a)(2)(B)(i) for committing an offense related to a controlled substance. The BIA affirmed the IJ's conclusion that using the modified categorical approach, the record of conviction for Torres's 1986 conviction for violating California Health and Safety Code § 11350 showed that he was convicted of the elements of a controlled substance offense under federal law. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We grant the petition for review because the BIA erred in finding Torres removable on account of his 1986 conviction.

California's controlled substance schedules are broader than § 102 of the Controlled Substances Act and, therefore, Torres's conviction under California Health and Safety Code § 11350 is not categorically a removable offense. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 687 (9th Cir. 2012).

We must therefore employ the modified categorical approach to determine whether Torres's conviction under § 11350 involved a federally prohibited controlled substance. *See id.* Under the modified categorical approach, we look to the documents in the record of conviction, *see id.*, which consists here of the information, complaint, judgment, and probation order. The information and complaint provide that Torres was charged with violating California Health and

Safety Code § 11350 for "hav[ing] in his possession a controlled substance, to wit, cocaine." The judgment and probation order, however, state only that Torres was convicted of violating California Health and Safety Code § 11350, and do not specify a controlled substance.

Here, like in *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072 (9th Cir. 2007), and *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc), nothing in the judgment documents allows us to connect the references to cocaine in the charging documents with the judgment documents. For example, the judgment documents do not contain the phrase "as charged in the information" or a specific count of which Torres was convicted. And charging documents alone are insufficient evidence that an individual pleaded guilty to the elements of the generic crime. *Valdavinos-Torres*, 704 F.3d at 687; *see also United States v. Velasco-Medina*, 305 F.3d 839, 852 (9th Cir. 2002). Further, California's informal amendment doctrine allows the government to amend an information without formally filing a written amendment to the information. *See Vidal*, 504 F.3d at 1088 (citing *People v. Sandoval*, 140 Cal. App. 4th 111, 132–33 (2006)). As such, we can only "speculate as to the nature of the substance," and cannot unequivocally determine whether Torres's conviction under § 11350 involved a federally prohibited controlled substance. *Ruiz-Vidal*, 473 F.3d at 1079.

3

Accordingly, the government has not satisfied its burden of proving by clear, unequivocal, and convincing evidence that Torres was convicted of a crime relating to a federally controlled substance. *Id.* at 1076. The BIA thus erred in finding Torres removable on account of his 1986 conviction.

For the foregoing reasons, we grant the petition for review. We remand to the BIA on an open record to consider: (1) whether Torres's admissions before the IJ concerning the government's factual allegations and his removability are binding; and (2) whether Torres is removable on account of his 2005 conviction.

**PETITION FOR REVIEW GRANTED; REMANDED.**